UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HDI GLOBAL SPECIALTY SE,
   Plaintiff

V.

BRIAN S. ZAGORITES, BRIAN S. ZAGORITES, LLC d/b/a Z MASTER BUILDERS, JASON GEE, and CARMELA GEE,
   Defendants.

## COMPLAINT

Plaintiff HDI Global Specialty SE, formerly known as International Insurance Company of Hannover SE, brings this action pursuant to 28 U.S.C. § 2201 and Fed. R.Civ. P. 57, and seeks a declaration of the parties' respective rights and obligations under a policy of Commercial General Liability insurance.

### I.   PARTIES

1. Plaintiff HDI Global Specialty SE ("HGS") is a Societas Europaea with a principal place of business at Roderbruchstraβe 26, 30655, Hannover, Germany.

2. On information and belief, Defendant Brian S. Zagorites ("Mr. Zagorites") is an individual residing in New Hampshire. Mr. Zagorites is the manager of Brian S. Zagorites, LLC.

3. Defendant Brian S. Zagorites, LLC d/b/a Z Master Builders ("Zagorites, LLC"), is a New Hampshire limited liability company with a principal place of business 7 Factory St, Nashua, NH, 03060 and a registered agent at 100 West Pearl Street, Nashua, NH, 03060.

4. Defendants Jason Gee and Carmela Gee are individuals residing at 328 Border Road, Concord, Massachusetts.

1

## II.     JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Jason Gee and Carmela Gee because they are citizens of Massachusetts.

6. This Court has personal jurisdiction over Mr. Zagorites and Zagorites, LLC because the action arises out of their transaction of business in this District, the contracting to supply services or things in this District, and/or allegedly causing tortious injury by acts or omission in this District.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

8. An actual case or controversy exists insofar as Jason Gee and Carmela Gee have filed a civil action against Mr. Zagorites and Zagorites, LLC, who have requested defense and indemnity from HGS pursuant to a CGL policy issued by HGS.

9. HGS has provided a defense to Mr. Zagorites and Zagorites, LLC pursuant to a reservation of rights and now seeks a declaration of the parties' respective rights and obligations under that policy.

10. Complete diversity exist because Plaintiff is a citizen of a foreign state and the Defendants are citizens of New Hampshire and Massachusetts.

11. Based on the Complaint filed in the underlying matter, the amount in controversy exceeds $75,000.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### III.     THE UNDERLYING CONTROVERSY

13. On July 1, 2019, Claimants Jason Gee and Carmela Gee ("Claimants") filed suit in Middlesex Superior Court against Mr. Zagorites and Zagorites, LLC (collectively referred to as "Zagorites") styled, *Jason Gee and Carmela Gee v. Brian S. Zagorites and Brian S. Zagorites, LLC*, Middlesex Superior Court, No. 1981cv01442 ("the Lawsuit").

14. In their Complaint, a copy of which is attached as **Exhibit A**, Claimants alleged that on May 3, 2016, they entered into a contract with Zagorites for a "complete kitchen remodel" of their home located at 328 Border Road, Concord, Massachusetts, with a budget of $450,000 to $500,000.

15. Zagorites allegedly agreed to construct a "kitchen, bedrooms, hallway, bathrooms, laundry room, balcony with rail, porches, basement, floors, and detached garage."

16. Claimants alleged that in the summer of 2017, they discovered "defective works" and informed Zagorites, who agreed to fix them. However, Zagorites allegedly failed to do so.

17. In January 2018, Claimants allegedly discovered that their roof was leaking.

18. Claimants alleged that Zagorites assigned the task of inspecting and repairing the defective works to its employees, but the employees "failed to provide effective repair services."

19. Zagorites allegedly refused to fix the defects and abandoned the project.

20. Claimants allegedly served a demand letter pursuant to the Massachusetts Consumer Protection Act, M.G.L. Chapter 93A ("Chapter 93A").

21. Claimants have asserted claims against Zagorites, LLC for breach of contract and against Mr. Zagorites and Zagorites, LLC for: negligence; gross negligence; violation of the Massachusetts Home Improvement Act; Unjust Enrichment; and violation of Chapter 93A. They claim damages in excess of $650,000.

22. Zagorites failed to respond to the Complaint, and a default was entered against both Mr. Zagorites and Zagorites, LLC.

23. Claimants requested default judgment in the amount of $668,000.

24. Zagorites then tendered the defense of the Lawsuit to HGS.

25. HGS assigned defense counsel to represent Zagorites and proceeded to defend Zagorites while reserving its right to assert applicable coverage defenses.

26. Zagorites, LLC has filed a Third Party Complaint against United Roofing & Remodeling, LLC in the Lawsuit. A copy of the Third Party Complaint is attached as **Exhibit B.**

27. HGS now seeks a declaration that it has no duty to defend or indemnity Zagorites with respect to the Lawsuit.

### IV.   THE HDI GLOBAL SPECIALTY SE CGL POLICY

28. HGS issued a Commercial General Liability Policy to Brian S. Zagorites, LLC with effective dates from May 23, 2017 to May 23, 2018, Policy No. IG06A004157-03 ("the Policy"). A copy of the Policy, with endorsements, is attached as **Exhibit C.**

29. The insuring agreement for Coverage A – Bodily Injury and Property Damage Liability set forth in the Policy provides:

    COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

    1. Insuring Agreement.

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . .

30. In addition, the Policy sets forth several relevant exclusions.

31. Exclusion j, Damage to Property, excludes coverage for "Property damage" to, inter alia:

    (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

    (6) That particular part of any property that must be restored repaired or replaced because "your work" was incorrectly performed on it.

32. Exclusion k, Damage To Your Product, excludes coverage for "property damage" to "your product" arising out of it or any part of it.

33. Exclusion l, Damage To Your Work, excludes coverage for "property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

34. Exclusion m, Damage To Impaired Property Or Property Not Physically Injured, excludes coverage for:

    "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
    (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

    This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

35. In addition, the Policy includes a number of endorsements, including the Contractors Special Conditions Endorsement ("the CSC Endorsement"), which provides:

    **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

    The following is added to SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS:
    Contractors

5

As a condition precedent to coverage for any claim for injury or damage based, in whole or in part, up-on work performed by independent contractors, the insured must have, prior to the start of work and the date of the "occurrence" giving rise to the claim or "suit:"

1) received a written indemnity agreement from the independent contractor holding the insured harm-less for all liabilities, including costs of defense, arising from the work of the independent contractor;

2) obtained certificates of insurance from the independent contractor indicating that the insured is named as an additional insured and that coverage is maintained with minimum limits of $1,000,000 per occurrence;

3) obtained proof that the independent contractor has workers compensation insurance if required by the state in which the job(s) is located; and

4) obtained proof that all licenses as required by local and/or state statute, regulation or ordinance are up to date.

The insured must maintain the records evidencing compliance with paragraphs (1) through (4) for a minimum of five years from the expiration date of this policy. If these records are not maintained we shall have no obligation to defend or indemnify any insured for work performed by independent contractors on your behalf.

The insurance provided by this policy shall be excess over and above any other valid and collectible insurance available to the insured under paragraph (2).

36. HGS now seeks a declaration that it does not owe a duty to defend or indemnify Zagorites because:

   a. Zagorites failed to fulfill any of the conditions precedent to coverage as set forth in the CSC Endorsement;

   b. The claims set forth in the Lawsuit do not seek "property damage" caused by an "occurrence"; and

   c. Coverage is excluded by one or more exclusions set forth in the Policy.

## V. CAUSES OF ACTION

### COUNT I

### Declaratory Judgement – CSC Endorsement

37. HGS incorporates and restates the allegations of each of the foregoing paragraphs as if set forth fully herein.

38. Zagorites contracted with one or more independent contractors to perform the work on Claimants' property.

39. On information and belief, Zagorites failed to obtain written indemnity agreements from any of the independent contractors it hired to performed work on Claimants' property.

40. On information and belief, Zagorites failed to obtain certificates of insurance from the independent contractors it hired indicating that it was named as an additional insured on the independent contractors'' policies and that coverage was maintained with minimum limits of $1,000,000 per occurrence.

41. On information and belief, Zagorites failed to obtain proof that the independent contractors it hired to perform the work on claimants' property had required workers compensation insurance and that all required licenses were up to date.

42. HGS was entitled to rely upon the CSC Endorsement that made Zagorites' coverage conditional upon fulfilment of the enumerated conditions.

43. Zagorites' failure to fulfill the conditions precedent to coverage constitutes a material breach of the insuring agreement.

44. Zagorites' failure to fulfill the conditions precedent to coverage discharges HGS's liability under the insurance contract.

45. As a result of Zagorites' failure to fulfill the conditions precedent to coverage as set forth in the CSC Endorsement, HGS is not obligated to provide Zagorites with a defense for the Lawsuit.

46. As a result of Zagorites' failure to fulfill the conditions precedent to coverage as set forth in the CSC Endorsement, HGS is not obligated to indemnify Zagorites for any damages it may become liable to pay in connection with the Lawsuit.

47. Wherefore, HGS requests that the Court issue a declaration that HGS owes no duty to defend or indemnify Brian S. Zagorites or Brian S. Zagorites, LLC d/b/a Z Master Builders for the claims in the Lawsuit.

## COUNT II

### Declaratory Judgment – Faulty Workmanship Does Not Trigger Coverage

48. HGS incorporates and restates the allegations of each of the foregoing paragraphs as if set forth fully herein.

49. Coverage A under the Policy, for Bodily Injury and Property Damage Liability, is triggered only in the event of an "occurrence."

50. The damages alleged by the Claimants in the Lawsuit arise out of faulty workmanship by Zagorites.

51. The faulty workmanship alleged by the Claimants in the Lawsuit does not constitute an "occurrence" under the Policy.

52. The faulty workmanship alleged by the Claimants in the Lawsuit does not constitute "property damage" caused by an "occurrence" under the Policy.

53. Wherefore, HGS requests that the Court issue a declaration that HGS owes no duty to defend or indemnify Brian S. Zagorites or Brian S. Zagorites, LLC d/b/a Z Master Builders for the claims in the Lawsuit.

### COUNT III

### Damages Sought by Claimants In the Lawsuit Are Excluded from Coverage

54. HGS incorporates and restates the allegations of each of the foregoing paragraphs as if set forth fully herein.

55. The Damages sought by Claimants in the Lawsuit are excluded under Exclusion j, Damage to Property, which provides, in pertinent part:

    This insurance does not apply to:
    . . .
    "Property damage" to:
    . . .

    (5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

    (6)     That particular part of any property that must be restored repaired or replaced because "your work" was incorrectly performed on it.

56. The damages alleged by Claimants in the Lawsuit are subject to Exclusion j because the damages were to that part of the property on which Zagorites was working directly or indirectly, and arose out of those operations, and/or were caused by Zagorites' work being performed incorrectly on it.

57. Exclusion k, Damage To Your Product, excludes coverage for "property damage" to "your product" arising out of it or any part of it.

58. The damages alleged by Claimants in the Lawsuit are subject to Exclusion k because the damages arose out of Zagorites' product, specifically, the work being performed on Claimants' property.

59. Exclusion l, Damage To Your Work, excludes coverage for "property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

60. The damages alleged by claimants are subject to Exclusion l because the damages arose out of Zagorites work.

61. Exclusion m, Damage To Impaired Property Or Property Not Physically Injured, excludes coverage for:

> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> (3)   A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
> (4)   A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

62. The damages alleged by Claimants are excluded pursuant to Exclusion m to the extent Claimants seek to recover for the loss of use of their property as a result of Zagorites' work or due to defect, deficiency, inadequacy or dangerous condition in Zagorites' product or work.

63. Wherefore, HGS requests that the Court issue a declaration that HGS owes no duty to defend or indemnify Brian S. Zagorites or Brian S. Zagorites, LLC d/b/a Z Master Builders for the claims in the Lawsuit.

## VI.    CLAIM FOR RELIEF

WHEREFORE, HDI Global Specialty SE, formerly known as International Insurance Company of Hannover SE, prays that this Court enter the following relief:

A.    A declaration that HDI Global Specialty SE owes no duty to defend or indemnify Brian S. Zagorites or Brian S. Zagorites, LLC d/b/a Z Master Builders in the action of *Jason Gee and Carmen Gee v. Brian S. Zagorites and Brian S. Zagorites, LLC*, Middlesex Superior Court, No. 1981cv01442; and

B.    For all such just and equitable relief, including costs of this suit.

Respectfully submitted,

Plaintiff,
HDI Global Specialty SE
By its attorneys,

/s/ Kara Thorvaldsen
George C. Rockas BBO# 544009
George.Rockas@WilsonElser.com
Kara Thorvaldsen BBO# 660723
Kara.Thorvaldsen@WilsonElser.com
WILSON ELSER LLP
260 Franklin Street—14th Floor
Boston, MA  02110-3112
(617) 422-5300

Dated: 2/10/21